[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6023

_____

D. C. Docket No. 95-0809-BH-M

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/04/98
THOMAS K. KAHN
CLERK

SARAH P. STEANS,

Plaintiff,

versus

COMBINED INSURANCE COMPANY OF AMERICA,

Defendant-Appellee,

ELIZABETH ALDRIDGE,

Cross-Defendant-Appellant,

DORIS WILLIAMS,

Cross-Defendant.

----------------------------------------------------------------------------------------------

_____

No. 97-6123

———————————————

D. C. Docket No. 95-0809-BH-M

SARAH P. STEANS,

Plaintiff,

versus

COMBINED INSURANCE COMPANY OF AMERICA,

Defendant-Appellee,

ELIZABETH ALDRIDGE,

Cross-Defendant,

DORIS WILLIAMS,

Cross-Defendant-Appellant.

———————————————

Appeals from the United States District Court
for the Southern District of Alabama

———————————————

**(August 4, 1998)**

Before ANDERSON and MARCUS, Circuit Judges, and HANCOCK*, Senior District
Judge.

———————
\*Honorable James H. Hancock, Senior U.S. District Judge for the Northern
District of Alabama, sitting by designation.

ANDERSON, Circuit Judge:

In this case, the appellants Elizabeth Aldridge and Doris Williams appeal the district court's orders prohibiting future punitive damages awards in Alabama against Combined Insurance Company of America, and enjoining them from prosecuting their claims for punitive damages in state court. We conclude that the August 19, 1996, order prohibiting future punitive damages awards was not binding on Aldridge and Williams and that Aldridge and Williams did not have a full and fair opportunity to litigate the orders enjoining their state court claims for punitive damages. We vacate and remand.

## I. FACTS AND PROCEDURAL HISTORY

On May 9, 1995, appellant Doris Williams filed a complaint in the Circuit Court of Mobile County, Alabama, against appellee Combined Insurance Company of America ("Combined") alleging that Combined and its agents had engaged in insurance fraud and seeking compensatory and punitive damages.[1] Appellant Elizabeth Aldridge filed a complaint against Combined on July 6, 1995, in the Circuit Court of Marengo County,

---

[1] In her complaint, Williams alleged that she purchased an insurance policy based on the fraudulent misrepresentations of Combined and its agents. Williams alleged that Combined had actual or constructive knowledge of its insurance agents' misrepresentations that the policy would provide health and disability coverage in the event Williams was hospitalized or treated by a physician for *any* reason, when, in fact, the policy only provided limited coverage in the event of an *accidental* bodily injury.

3

Alabama.[2]  In her complaint, Aldridge sought compensatory and punitive damages for the alleged fraudulent misrepresentations of Combined and its agents.[3]

On August 24, 1995, Sara P. Steans filed a complaint in the Circuit Court of Mobile County, Alabama, alleging insurance fraud on the part of Combined and its agents and seeking compensatory and punitive damages.[4]  Subsequently, Combined removed Steans' action to the United States District Court for the Southern District of Alabama (hereinafter referred to as "the Steans case").  Prior to trial, the parties in the Steans case reached an agreement to settle their case, and pursuant to this agreement,[5] filed a motion requesting that the district court enter an order prohibiting claims for punitive damages by any other insureds of Combined.  On August 19, 1996, the district court held a hearing with counsel for Combined and counsel for Sara Steans regarding the parties' settlement

---

[2] Aldridge and Williams were represented by the same counsel, but filed separate lawsuits.

[3] In her complaint, Aldridge, like Williams, alleged that Combined had actual or constructive knowledge of its insurance agents' misrepresentations that the policy she purchased would provide coverage in the event Aldridge was hospitalized or treated by a physician for *any* reason, when the policy only provided limited coverage in the event of an *accidental* bodily injury.  Aldridge also added a second cause of action alleging that Combined negligently and wantonly trained, supervised, and retained its employees, as well as a third cause of action alleging that Combined's insurance agents knew or should have known that the policy would not provide any benefits to her because she was a Medicaid recipient and, pursuant to Alabama statutory law, all Medicaid recipients assign their benefits under any insurance policy to the Alabama Medicaid Agency.

[4] Steans alleged in her complaint that Combined's insurance agents made false representations regarding the extent of coverage provided by her policy and that she was sold a policy that was void from its issuance due to defects in its delivery.

[5] This agreement also settled claims by twelve other individuals represented by Steans' counsel.  Steans' counsel did not represent Elizabeth Aldridge and Doris Williams.

4

agreement and the requested order prohibiting punitive damages claims by other insureds.

On the same date, the district court entered the requested order ("August 19 Order") and

made the following findings:

> Combined has settled litigation or threatened litigation with approximately 63 plaintiffs/claimants for a total of $8.25 million. The aggregate amount of the settlements agreed to be paid is four-and-a-half times Combined's entire statutory profits earned during the whole of the ten year period between 1985 and 1994 in the State of Alabama. . . . The ratio of punitive damages to compensatory damages paid in these settlements is more than 125 to 1. . . . The payment by Combined of the amounts it has either paid or agreed to pay is sufficient to punish Combined for the alleged Misconduct and to deter Combined and others from similar Misconduct in the future. . . . The imposition of additional punitive damages against Combined for such alleged Misconduct would constitute duplicative, multiple, unjust and grossly excessive punitive awards.

District Court Order, at 6 (August 19, 1996).[6] Based on these findings, the district court

ordered that

> no additional punitive damages may be assessed in Alabama against Combined or any of its past or present agents for any allegations of the same or similar Misconduct which occurred on or before the date of this Order. This Court will retain jurisdiction of this case for purposes of enforcing this Order and the settlement of this case. In making these findings and this Order, this Court has considered allegations of 63 Plaintiffs/claimants who reside throughout the state of Alabama, and evidence relating to Combined's operation in the entire state of Alabama.

---

[6] The district court noted that Combined had agreed to pay $775,000 to Steans and 12 other claimants represented by Steans' counsel, and that Combined had agreed to pay $7.5 million to approximately 50 other claimants in Alabama who were not represented by Steans' counsel.

5

Id. at 7.[7] The August 19 Order was entered without advance notice to either Aldridge or Williams, and neither Aldridge nor Williams was a party to the Steans case at the time that the order was entered.

On October 18, 1996, Combined filed a motion with the district court in which it sought to add Elizabeth Aldridge as a "cross-defendant" in the Steans case and to enjoin Aldridge's state court action with respect to her punitive damages claims. On October 21, 1996, the district court entered an order granting the motion to add Aldridge as a cross-

---

[7] The district court defined the "alleged Misconduct" of Combined to include
1. Intentionally making misrepresentations or engaging in a pattern and practice of making misrepresentations to policyholders, including, but not limited to, misrepresenting benefits payable under various insurance policies issued by Combined, misrepresenting amounts payable under various policies, misrepresenting issues as to Medicaid or Medicare, misrepresenting the effect of the age of the policyholders on benefits available, misrepresenting the time during which benefits are payable, and misrepresenting the type of treatment, medical or otherwise, covered by the policies;
2. Fraudulently suppressing from policyholders or engaging in a pattern and practice of fraudulently suppressing from policyholders material and important information regarding policies, including, but not limited to, suppressing what benefits are or are not payable under various insurance policies issued by Combined, suppressing what is or is not covered by various insurance policies, suppressing what amounts are payable and what amounts are not payable under various policies, suppressing facts material to issues as to Medicare or Medicaid, suppressing whether the age of policyholders does or does not impact available benefits, suppressing the time during which benefits are payable or not payable, suppressing the type of treatment, medical or otherwise, which is or is not covered by the policies;
3. Negligent or wanton hiring, training, or supervision of agents;
4. Converting policy holder funds; and
5. Violating Alabama State law in the sale of policies or the servicing of claims.
District Court Order, at 2-3 (August 19, 1996).

defendant under Fed. R. Civ. P. 21,[8] and ordered a show cause hearing regarding Combined's motion to enjoin Aldridge from prosecuting her claims for punitive damages.[9] Subsequently, on December 2, 1996, the district court entered an order enjoining Aldridge from prosecuting her claims for punitive damages in state court. The district court concluded that an injunction was "necessary to protect" its August 19 order and enjoined Aldridge under the Anti-Injunction Act, 28 U.S.C. § 2283.[10] Aldridge filed a notice of appeal.

Combined also filed a motion seeking to add Doris Williams as a "cross-defendant" in the Steans case and seeking to enjoin Williams from pursuing her claims for punitive damages in state court. On December 2, 1996, the district court granted Combined's motion to join Williams as a cross-defendant, and ordered all parties to show cause as to why Williams should or should not be enjoined from pursuing her punitive damages claims. On January 22, 1997, the district court entered an order enjoining

---

[8] Rule 21 provides in relevant part that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

[9] In response to the order setting a date for the show cause hearing, Aldridge filed a motion to shorten time for Combined to answer Aldridge's "First Interrogatories and Request for Production." Aldridge alleged that she needed the discovery material in order to effectively participate in the show cause hearing. The district court carried Aldridge's motion to compel discovery until the show cause hearing, and apparently denied the motion by enjoining Aldridge's state court claims for punitive damages. Williams also filed a motion to compel discovery which was denied by the district court in a February 6, 1997, order.

[10] Section 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (1994).

7

Williams from prosecuting her claims for punitive damages in state court.[11]  Williams

filed a notice of appeal.

## II. DISCUSSION

A. <u>The August 19 Order</u>

In its August 19 Order, the district court "ordered, adjudged and decreed that no

additional punitive damages may be assessed in Alabama against Combined or any of its

past or present agents for any allegations of the same or similar Misconduct which

occurred on or before the date of this Order."  District Court Order, at 7 (August 19,

1996).  Combined contends that the August 19 Order and its prohibition on future

punitive damages awards is binding on Aldridge and Williams.  We disagree.

In <u>Martin v. Wilks</u>, 490 U.S. 755, 109 S. Ct. 2180 (1989), a group of white

firefighters sued the city of Birmingham, Alabama, alleging that they were being denied

promotions in favor of less qualified black firefighters.  The white firefighters alleged that

the City was making promotion decisions on the basis of race in reliance on certain

consent decrees entered in previous litigation to which the white firefighters were not

parties.[12]  <u>Id.</u> at 758, 109 S. Ct. at 2183.  In rejecting the City's argument that the white

---

[11] This order was virtually identical to the order enjoining Elizabeth Aldridge.  In this order, the district court concluded that an injunction was "necessary to protect" its August 19 order and enjoined Williams under the Anti-Injunction Act, 28 U.S.C. § 2283.

[12] In the previous litigation, the white firefighters appeared and filed objections as <u>amicus curiae</u> at a fairness hearing regarding the consent decrees.  <u>Martin</u>, 490 U.S. at 759, 109 S. Ct. at 2183.  The white firefighters also attempted to intervene in the previous litigation, but the trial court denied their motion to intervene as untimely.  <u>Id.</u>

8

firefighters' suit constituted an impermissible collateral attack on the consent decrees, the Court concluded that "'it is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Id. at 761, 109 S. Ct. at 2184 (quoting Hansberry v. Lee, 311 U.S. 32, 40, 61 S. Ct. 115, 117 (1940)).  The Court reasoned that

> [a] judgment or decree among parties to a lawsuit resolves issues among them, but it does not conclude the rights of strangers to those proceedings. . . . Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree.

Id. at 762, 765, 109 S. Ct. at 2184, 2186.[13]

The reasoning of the Supreme Court in Martin v. Wilks is applicable to the instant case.  At the time that the district court entered the August 19 Order prohibiting future punitive damages awards, Aldridge and Williams were not parties to the Steans case and were not in privity with Sara Steans or the other settling plaintiffs.  After reviewing the record and considering the arguments of Combined,[14] we see no reason in the instant case

---

[13] But see § 108 of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2(n)(1) (providing that a person who had notice of, and an opportunity to present objections to, a proposed consent decree, cannot challenge in a claim under the Constitution or federal civil rights laws an employment practice that implements the consent decree).  Section 108 is not applicable to the instant case and does not change the analysis of the Supreme Court in Martin v. Wilks as applied to this case.

[14] Combined argues that the August 19 Order facilitates settlement and thus is supported by the "strong public policy favoring settlement."  We note that an almost identical argument was rejected by the Supreme Court in Martin v. Wilks.  In rejecting the City's argument that the congressional policy favoring voluntary settlement of employment discrimination claims

9

to make an exception to the "principle of general application" that a judgment in personam is not binding on a person who is not designated as a party.[15]  Therefore, we conclude that the district court's August 19 Order prohibiting future punitive damages awards is not binding on Aldridge and Williams.[16]

We also note that, at the time the district court entered the August 19 Order in the Steans case, Combined and Steans had already reached an agreement to settle their case.[17]  During the August 19 hearing, Combined's counsel argued extensively for the district court to enter an order prohibiting future punitive damages awards in Alabama against

---

supported binding the white firefighters to the consent decrees, the Court in Martin v. Wilks concluded that

> [a] voluntary settlement in the form of a consent decree between one group of employees and their employer cannot possibly 'settle,' voluntarily or otherwise, the conflicting claims of another group of employees who do not join the agreement. . . . 'Parties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . without that party's agreement.  A court's approval of a consent decree between some of the parties cannot dispose of the valid claims of nonconsenting intervenors.'

Id. at 768, 109 S. Ct. at 2188 (quoting Firefighters v. Cleveland, 478 U.S. 501, 529, 106 S. Ct. 3063, 3079 (1986)).

[15] In Martin v. Wilks, the Court noted an exception to the general rule "where a special remedial scheme exists expressly foreclosing successive litigation by nonlitigants, as for example in bankruptcy or probate."  Martin, 490 U.S. at 762 n.2, 109 S. Ct. at 2184 n.2.  No such exception is present in the instant case.

[16] Because the August 19 Order was not binding on Aldridge and Williams, there was no need for them to appeal it.

[17] At the August 19 hearing, the district court stated to the attorneys for Combined and Steans that "I take it then from both of you that you consider this case pending before me has been settled."  Both of the attorneys responded "Yes, your honor."  The district court then stated "[a]ll right.  Then I will discharge the jury and we'll proceed from that and I will try to give you your order as soon as possible."

10

Combined,[18] while Steans' counsel silently acquiesced.[19]  After reviewing the record of the August 19 hearing, we are satisfied that prior to the district court's entry of the August 19 Order, no party tested in an adversarial manner Combined's request for an order prohibiting future punitive damages awards.  Steans had no interest in contesting Combined's position.  In fact, she had an affirmative interest--i.e., her own settlement--in acquiescing to the August 19 Order.  Under such circumstances, we attach no significance to the August 19 Order.

B. <u>The December 2 and January 22 Orders Enjoining Aldridge's and Williams' State Court Actions</u>

On December 2, 1996, and January 22, 1997, the district court entered orders enjoining Aldridge and Williams, respectively, from prosecuting their state court claims for punitive damages against Combined.  We conclude that the district court abused its discretion in enjoining Aldridge and Williams because neither Aldridge nor Williams had a full and fair opportunity to litigate the issue.   Aldridge and Williams were enjoined from prosecuting their state court punitive damages claims without a meaningful opportunity to

---

[18] In support of its motion for an order prohibiting future punitive damages awards, Combined also introduced evidentiary material regarding the amount of damages it had paid in prior settlement agreements and regarding its operating profits in Alabama.  Steans did not challenge Combined's evidentiary materials nor did she offer any competing evidence.

[19] Midway through the August 19 hearing, Steans' counsel had made no arguments in opposition to the proposed order and thus the district court stated to Steans' counsel that "you are being awfully quiet down there."  Steans' counsel responded that "[w]ell, your honor, we discussed this.  They [settled] our cases and we are excited."  The only other comment made by Steans' counsel during the hearing was his acknowledgment that the parties had reached a settlement agreement.  <u>See</u> supra note 17.

present evidence, conduct discovery,[20] or test the veracity and sufficiency of Combined's evidence which served as the basis for the district court's August 19 Order.

We also note that in issuing the injunctions against Aldridge's punitive damages claims, the district court concluded that "the pursuit of such claims could nullify this court's [August 19] order and must therefore be enjoined under 28 U.S.C. § 2283." District Court Order, at 3 (December 2, 1996) (relying on the "necessary . . . to protect or effectuate its judgments" exception to the Anti-Injunction Act, 28 U.S.C. § 2283).[21] We are confident that a district court cannot enter a judgment purporting to bind nonparties over which it does not have jurisdiction, seek to join those nonparties to the underlying litigation,[22] and then issue an injunction against those parties based on a need to protect its

---

[20] Both Aldridge and Williams filed "Motion[s] for Leave to Propound Discovery and Motion[s] to Shorten Time for Combined to Respond." In these motions, Aldridge and Williams sought to compel discovery in order to be able to fully and fairly respond to the district court's show cause order. Aldridge and Williams sought to conduct discovery regarding (1) the settlement negotiations and agreement between Sara Steans and Combined, (2) documents and settlement agreements relating to other plaintiffs in the State of Alabama, and (3) information relating to the discovery undertaken by Steans concerning the degree of reprehensibility of Combined, the economic impact of any additional punitive damages verdicts on Combined, and Combined's "statutory profit" in Alabama. The district court denied Aldridge's and Williams' motions to compel discovery. See supra note 9.

[21] The district court reached the same conclusion in issuing its January 22, 1997, order enjoining Williams' punitive damages claims against Combined. District Court Order, at 3 (January 22, 1997).

[22] Aldridge and Williams also challenge the district court's October 21, 1996, and December 2, 1996, orders in which they were joined as "cross-defendants" under Fed. R. Civ. P. 21 to the Steans case. Aldridge and Williams argue that they were not properly made parties under Rule 21 because Combined did not comply with the requirements of Fed. R. Civ. P. 4 relating to the issuance of a summons and service on an added party. See 7 Charles A. Wright et al., Federal Practice and Procedure § 1688 (2d ed. 1986). Because the district court did not address this argument and the issue has not been adequately briefed on appeal, we decline to

12

earlier judgment.  In light of our holding that the district court did not have authority to bind nonparties with its August 19 Order, we readily conclude that the district court can not rely on the "necessary to protect its judgments" exception to the Anti-Injunction Act in order to justify its injunctions prohibiting Aldridge and Williams from pursuing their punitive damages claims against Combined.  Therefore, the district court's reliance on the Anti-Injunction Act is misplaced.

Having concluded that the district court's orders enjoining Aldridge and Williams constituted an abuse of discretion because Aldridge and Williams did not have a full and fair opportunity to litigate, we need not address the harder issues entailed in Combined's attempt to attain a pre-trial limit on Aldridge's and Williams' claims for punitive damages.[23]  With the instant poorly developed record and in the absence of a

---

address it in the first instance.  If the effort to enjoin Aldridge and Williams is pursued on remand, the district court shall address this argument.

[23] However, we reject Combined's argument that its due process right to be free from the imposition of excessive punitive damages, a right articulated in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996), would be rendered meaningless in the absence of the particular procedure and remedy reflected in the district court's judgment.  In Alabama, a civil defendant has the right to request a post-verdict hearing under Hammond v. City of Gadsden, 493 So. 2d 1374 (Ala. 1986).  In this post-verdict hearing, the trial court reviews the sufficiency of the evidence supporting a verdict for punitive damages and the excessiveness of the punitive damages award.  See Ala. Code § 6-11-23(b) (1993) (providing for a post-verdict hearing on punitive damages); Green Oil Co. v. Hornsby, 539 So. 2d 218, 223-24 (Ala. 1989) (listing factors for the trial court to consider in determining whether a jury's award of punitive damages is excessive).  In Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1, 20-22, 111 S. Ct. 1032, 1044-45 (1991), the Supreme Court approved the procedures in Alabama for post-verdict review of juries' punitive damages awards.  Further, in BMW of North America, Inc. v. Gore, supra, the Court considered an Alabama punitive damages award that had survived the Alabama review procedures, and the Court independently examined whether the award was so grossly excessive as to violate due process.  Finally, in Life Insurance Company of Georgia v. Johnson, 701 So. 2d 524, 527-32 (Ala. 1997), the Alabama Supreme Court adopted the Supreme

13

comprehensive analysis by the district court of all relevant concerns[24] (including comity concerns), we decline to speculate whether a legally supportable procedure (in addition to the procedures outlined in footnote 23) is available in federal court to accomplish what Combined seeks in the instant case.

In light of the foregoing, we conclude that the district court abused its discretion in enjoining Aldridge and Williams from prosecuting their state court claims for punitive damages against Combined, and thus the district court's December 2 and January 22 orders are vacated.

### III. CONCLUSION

For the foregoing reasons, we hold that the district court's August 19, 1996, order is not binding on Aldridge and Williams, and we vacate the district court's December 2, 1996, and January 22, 1997, orders that enjoined Aldridge and Williams from prosecuting their punitive damages claims in state court.[25]

---

Court's <u>BMW</u> analysis as a supplement to its own review procedures. Thus, it cannot be said that Combined's due process rights under <u>BMW</u> would be rendered meaningless in the absence of the particular procedure employed by the district court in the instant case and in the absence of the particular remedy awarded by the district court. The foregoing procedures are available to Combined in the instant case and in any future case in Alabama in which punitive damages are assessed.

[24] <u>See, e.g.</u>, <u>Ex parte Holland</u>, 692 So. 2d 811, 820-22 (Ala. 1997) (discussing relevant considerations); <u>Alfa Financial Corp. v. Key</u>, 927 F. Supp. 423, 428-431 (M.D. Ala. 1996) (discussing other considerations relevant in federal courts), <u>aff'd</u>, 112 F.2d 1172 (11th Cir. 1997) (unpublished table decision).

[25] We also vacate the district court's October 21, 1996, and December 2, 1996, orders. See <u>supra</u> note 22.

VACATED AND REMANDED.