SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,

v.

SEAHAWK DEEP OCEAN TECHNOL-
OGY, INC., John C. Morris, Gregory
H. Stemm, and Daniel S. Bagley, De-
fendants.

No. 94–1249–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

June 23, 1999.

Catherine M. Shea, Ellen B. Ross, Secu-
rities & Exchange Commission, Washing-

ton, DC, Patricia J. Thompson, Robert G. Wilson, Securities and Exchange Commission, Washington, DC, for Securities & Exchange Commission, plaintiff.

William J. Schifino, Jr., Robert V. Williams, Ricardo A. Roig, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for John C. Morris, Gregory H. Stemm, Daniel S. Bagley, defendants.

David S. Bralow, Holland & Knight—Maguire, Voorhis & Wells, LLP, Orlando, FL, Susan Tillotson Mills, Holland & Knight, LLP, Tampa, FL, James B. Lake, Holland & Knight, LLP, Orlando, FL, for The Tribune Company, Phillip J. Morgan, movants.

## ORDER ON DEFENDANT SEA-HAWK'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following:

Dkt. 145 Motion for Preliminary Injunction

Dkt. 146 Memorandum

Dkt. 148 Opposition

Dkt. 150 Motion for Evidentiary Hearing

Dkt. 151 Memorandum

Dkt. 153 Affidavit

Dkt. 154 Opposition

Dkt. 155 Motion to Supplement Record

Dkt. 156 Memorandum

Dkt. 157 Opposition

### FACTUAL BACKGROUND

On August 10, 1994, the Securities and Exchange Commission ("SEC") filed a complaint against Defendant Seahawk as well as John C. Morris, Gregory H. Stemm, and Daniel S. Bagley ("Individual Defendants"). Individual Defendants were former officers, directors and shareholders of Seahawk. Four months prior to the filing of the complaint, on April 11, 1994, the SEC filed a Consent, reviewed by Seahawk, in which Seahawk consented to an entry of final judgment against them. Significantly, the Consent stated that Seahawk would not use corporate funds to pay for or to reimburse defendants Morris or Stemm in connection with the defense of any civil or administrative action brought against them. Four months later, the SEC filed the complaint, and two days later, this Court entered a Final Judgment of Permanent Injunction and Other Relief as to Seahawk ("Final Judgment"). The Final Judgment was to incorporate all matters set forth in the Consent.

After Seahawk consented to Final Judgment, summonses were issued to Individual Defendants. On August 19, 1994, a summons was issued for Stemm and on September 27, 1994, a summons was issued for Morris. Also, on or about September 27, 1994, a summons was issued for Bagley. Individual Defendants have submitted affidavits stating that they were not given notice and had no knowledge of Seahawk's Consent. Individual Defendants then defended the SEC's claim and a jury found them not guilty in the SEC action. On January 16, 1998, the Clerk of the United States Court for the Middle District of Florida entered an Amended Judgment dismissing the case on the merits.

On December 3, 1998, Morris, Stemm and Bagley filed a lawsuit in Florida state court seeking indemnification for costs incurred by Individual Defendants in defense of the SEC claim.

### DISCUSSION

The Anti–Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court proceedings with three limited exceptions. The two exceptions relevant to this case allow a federal court to stay a state court proceeding when: (1) necessary in aid of its jurisdiction, or (2) to protect or effectuate its judgments. See 28 U.S.C. § 2283. Additionally, "[t]he question of whether to stay proceedings in state court is never one to be taken lightly,

as it impinges on the very delicate balance struck between the federal and state judicial systems." *Wesch v. Folsom*, 6 F.3d 1465, 1469 (11th Cir.1993). Moreover, district courts are to be hesitant in enjoining state litigation, even though the decision remains under the district court's discretion. *Id.* at 1469.

### A. An injunction is not necessary in aid of the federal court's jurisdiction.

 A federal court injunction is necessary in aid of its jurisdiction " 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.' " *Id.* at 1470 (citing *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)). Furthermore, whenever a court is faced with a question as to the propriety of a federal injunction against state court proceedings, "any doubts ... should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Atlantic*, 398 U.S. at 297, 90 S.Ct. 1739.

In *Wesch v. Folsom*, the Eleventh Circuit Court of Appeals ruled that a state class action suit was barred in aid of its jurisdiction since a 3-judge federal court panel had previously ruled on a substantially similar class action. *Wesch*, 6 F.3d at 1471. The court reasoned that allowing the state court proceeding would dangerously "strip all federal courts of the ability to meaningfully redistrict" and "would render all federal court redistricting plans ... susceptible to immediate replacement by state court." *Id.*

In the instant case, the preceeding reasoning does not apply. The cause is no longer before the federal court, and a Final Judgment has been entered in the SEC case exonerating Individual Defendants of any charges. Since the case has been dismissed on the merits, and the appeals period has lapsed, the federal court no longer has jurisdiction other than the enforcement of its judgment. Additionally, this Court will follow that Supreme Court's holding in *Atlantic* that if this Court has some doubt as to whether it has the power, based on an exception to Section 2283, to grant the injunction, the Court should decline to do so. *Atlantic*, 398 U.S. at 297, 90 S.Ct. 1739. Therefore, this injunction should not be allowed in aid of the Court's jurisdiction.

### B. An injunction is not necessary to protect or effectuate the federal court's prior judgment.

 The State claim is also not barred by the exception to the Anti-Injunction Act "to protect or effectuate [the federal court's] prior judgment." 28 U.S.C. § 2283. In *Steans v. Combined Insurance Company of America*, 148 F.3d 1266, 1267 (11th Cir.1998), the Eleventh Circuit Court of Appeals overturned a decision prohibiting additional defendants from seeking punitive damages from Combined as necessary to protect its prior judgment. In *Steans*, two Plaintiffs, Williams and Aldridge, brought separate claims against Combined for insurance fraud and seeking punitive damages. *Id.* at 1267.

Over a month later, Sara Steans brought a suit against Combined alleging insurance fraud. *Id.* Her claim was removed by Combined to the United States District Court for the Southern District of Alabama. *Id.* The parties agreed to settle the case, and the settlement agreement included a clause that prohibited future punitive damages claims against Combined by other insured. *Id.* at 1268.

Combined then attempted to bar the state court insurance fraud claims of two plaintiffs who were not parties to the settled *Steans* case: Williams and Aldridge *Id.* at 1268–1269. The district court enjoined the individual plaintiffs from pursuing their claims as "necessary to protect" its earlier ruling. *Id.* at 1269. However,

the Eleventh Circuit reversed and held that because the plaintiffs did not have a "full and fair opportunity to litigate," it was an abuse of discretion for the district court to enjoin their punitive damage claims. *Id.* at 1271.

■ The Court recognizes that the Consent and Final Judgment did state that Seahawk would not use corporate funds to pay for or to reimburse defendants Morris or Stemm in connection with the defense of any civil or administrative action brought against them. The Court also recognizes that "[t]he 'protect or effectuate its judgments' exception to the Anti–Injunction Act, also known as the 'relitigation exception,' is essentially a res judicata concept designed to prevent issues that have already been tried in a federal court from being relitigated in state court." *Wesch,* 6 F.3d at 1471 (citing *Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America,* 438 F.2d 1286, 1312 (5th Cir.1971), cert. denied).

However, the Supreme Court in *Martin v. Wilks,* 490 U.S. 755, 762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989) reminds the Court that it is "part of our deep-rooted historic tradition that everyone should have his own day in court." The Supreme Court has also determined that " 'one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.' " *Id.* at 761, 109 S.Ct. 2180. Finally, " 'parties who choose to resolve litigation through settlement may not dispose of the claims of a third party . . . without that party's agreement.' " *Steans,* 148 F.3d at 1270, n. 14 (quoting *Martin v. Wilks,* 490 U.S. at 768, 109 S.Ct. 2180.)

The *Steans* case consistently cites the holdings from *Martin v. Wilks* when the Eleventh Circuit concluded that because the individuals claiming insurance fraud were not parties when the order prohibiting future punitive damages awards was entered, they should not be bound by the order. *Steans,* 148 F.3d at 1270. Parallel-

ing *Steans,* Morris, Stemm and Bagley were not parties at the time the Consent or the Final Judgment of Permanent Relief as to Seahawk was entered. Significantly, the Consent and Final Judgement as to Seahawk makes no mention of Defendant Bagley, and he can in no way be bound to the prior judgement. Moreover, Individual Defendant's summonses were issued after the Final Judgment was entered and their affidavits state that while defending the SEC claim, they had no notice and no opportunity to contest the Final Judgment as to Seahawk.

Therefore, Individual Defendants did not have a full and fair opportunity to litigate their claims against Seahawk and cannot be denied their day in court. They should not be bound by the settlement between the SEC and Seahawk and the injunction should not be granted to protect this Court's previous Final Judgment of Permanent Injunction as to Seahawk. Accordingly, it is

ORDERED that Seahawk's Motion for Preliminary and Permanent Injunction (Dkt.145) is **denied.** The Motion for Evidentiary Hearing (Dkt.150) and the Motion to Supplement the Record (Dkt.155) are **denied** as moot.