**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**SEAHAWK DEEP OCEAN TECHNOLOGY, INC., John C. Morris, Gregory H. Stemm, and Daniel S. Bagley, Defendants.**

No. 94–1249–CIV–T17A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 7, 1999.

---

Catherine M. Shea, Ellen B. Ross, Patricia J. Thompson, Robert G. Wilson, Securities & Exchange Commission, Washington, DC, for plaintiff.

Richard Allen Gilbert, De La Parte & Gilbert, P.A., Tampa, FL, Edwin B. Kagan, Tampa. FL, Michael S. Dorris, de la Parte, Gilbert & Bales, P.A., Tampa, FL, William J. Schifino, Jr., Robert V. Williams, Ricardo A. Roig, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for Defendants.

## ORDER

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Defendant SEAHAWK DEEP OCEAN TECHNOLOGY, INC.'s motion to reconsider and amended motion to reconsider and supporting memoranda (Docket Nos. 161–164) and Defendants JOHN C. MORRIS, GREGORY H. STEMM, AND DANIEL S. BEGLEY's response (Docket No. 167).

### BACKGROUND

On August 10, 1994, the Securities and Exchange Commission [hereinafter "SEC"] filed a complaint against Defendant Seahawk Deep Ocean Technology, Inc. [hereinafter "Seahawk"] and Defendants John C. Morris, Gregory H. Stemm, and Daniel S. Begley [hereinafter collectively "Individual Defendants"]. (Docket No. 1). Until January 1994, Defendant Morris was the Chief Executive Officer of Seahawk and Defendant Stemm was the Secretary. Both Defendant Morris and

Defendant Stemm were also directors of Seahawk. Defendant Bagley was the Director of Communications for Seahawk and a director of Seahawk until August 1991.

On the same day as it filed the complaint, the SEC filed the Consent of Seahawk to having a permanent injunction entered against it. (Docket No. 2). The Consent had been executed on April 11, 1994, by John Lawrence, the President of Seahawk, on behalf of Seahawk. The Consent included a provision that Seahawk would not "use corporate funds to pay for or to reimburse any costs incurred by or on behalf of Morris and Stemm in connection with the defense of any civil or administrative action brought by the [SEC] against Morris and Stemm."

Based on the Consent, this Court entered a Final Judgment of Permanent Injunction against Seahawk. (Docket No. 3). The Final Judgment enjoined Seahawk from violating the securities laws. It also incorporated the terms of the Consent, and ordered that the Court would retain jurisdiction over the matter for all purposes, including the implementation and enforcement of the Final Judgment.

None of the Individual Defendants had been served with the Complaint at the time the Consent was filed or the Final Judgment against Seahawk was entered. The Individual Defendants did not settle with the SEC, but instead went to trial. The jury found for the Individual Defendants. On January 16, 1998, an amended judgment was entered in favor of the Individual Defendants, with the SEC to take nothing. (Docket No. 143).

In December 1998, the Individual Defendants filed an action against Seahawk in state court seeking indemnification for the attorney's fees they incurred in defending the Complaint. Seahawk filed a motion with this Court seeking a preliminary and permanent injunction enjoining Defendants Morris and Stem from proceeding with the state court lawsuit. (Docket Nos. 145–146). The Individual Defendants' response included the affidavits of Morris

and Stemm, stating that neither had had an opportunity to contest the Final Judgment. Further, each averred that he had had no knowledge of the terms and conditions of the Consent until Seahawk refused to reimburse his attorney's fees.

Seahawk then filed a motion for an evidentiary hearing, a motion to supplement the record, and the affidavit of John T. Lawrence. (Docket Nos. 145, 146, and 150–153). The affidavit stated that Morris and Stemm participated in the negotiation of the terms and conditions of the Consent, and had knowledge of its terms and conditions. Lawrence's affidavit stated that Defendants Morris and Stemm each had a personal interest in having the SEC's claim resolved, because each was a substantial shareholder and a creditor of Seahawk. The affidavit stated that at the time the Consent was being negotiated, all involved, including Morris and Stemm, understood that it was necessary for Seahawk to settle with the SEC in order to remain viable as a business. If Seahawk had not settled the claims, it would not have been able to secure the financing necessary to continue its day-to-day operations.

In its June 23, 1999, Order, the Court denied Defendant Seahawk's motions for injunctive relief, to supplement the record, and for an evidentiary hearing. (Docket No. 160). The Court held that the requested injunction was not necessary in aid of the Court's jurisdiction. The case had already been dismissed on its merits, and the Court no longer had jurisdiction over the case except to enforce its judgment. (*Id.* at 4).

Further, relying on *Steans v. Combined Insurance Company of America,* 148 F.3d 1266 (11th Cir.1998), the Court held that the requested injunction was not necessary to protect or effectuate the Court's judgment. In *Steans,* the Eleventh Circuit held that it was an abuse of discretion for a district court to enjoin state court proceedings in order to protect its judgment, when the enjoined plaintiffs had not had a

"full and fair opportunity to litigate" their claims. *Id.* at 1271. The Court noted the Supreme Court's holding in *Martin v. Wilks,* 490 U.S. 755, 762, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), that "one is not bound by a judgment in personam in a litigation in which he is not designated a party or to which he has not been made a party by service of process." (Docket No. 160, at 6). Because the Individual Defendants had not yet been made parties to the case at the time the Final Judgment was entered, the Court held that the requested injunction should not be issued.

## STANDARD OF REVIEW

A motion to reconsider must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D.Fla.1993). In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See Pennsylvania Ins. Guar. Ass'n v. Trabosh,* 812 F.Supp. 522, 524 (E.D.Pa.1992). This Court has recognized three (3) grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Sussman v. Salem, Saxon, & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994); *see also Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986). "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.* 130 F.R.D. 625, 626 (S.D.Miss.1990). This Court will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking. *See Government Personnel Serv., Inc. v. Government Personnel Mut. Life Ins. Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991), *aff'd,* 986 F.2d 506 (11th Cir.1993).

## ANALYSIS

Defendant Seahawk moves for reconsideration of this Court's June 23, 1999, Order denying Defendant Seahawk's motion for an injunction barring the Individual Defendants from proceeding with their state court case, denying Defendant Seahawk's motion for an evidentiary hearing, and denying Defendant Seahawk's motion to supplement the record. Defendant Seahawk argues that because there was a dispute as to the material facts regarding the notice Defendants Morris and Stemm received regarding the Final Judgment and their participation in the negotiation of the Consent Agreement, this Court should have held an evidentiary hearing on those issues. Defendant Seahawk argues that it was entitled to the requested injunction because Lawrence's affidavit shows that Morris and Stemm participated in the negotiations regarding the Consent Agreement and are therefore bound by its terms, regardless of whether they had been served at the time the Final Judgment was entered.

Defendant Seahawk argues further that the Court failed to appreciate the nature of the relationship among Morris, Stemm, and Seahawk. It states that the Lawrence affidavit demonstrates that Morris and Stemm had a personal interest in removing Seahawk from the impending lawsuit. Defendant Seahawk argues that Morris and Stemm's financial affairs were so intertwined with Seahawk's that Seahawk's interests were the same as their own.

Finally, Defendant argues that this Court's decision subjects it to potentially conflicting state and federal judgments. The Final Judgment precludes Defendant Seahawk from paying the legal fees of Defendants Morris and Stemm. If the Individual Defendants prevail in their state court action, Defendant Seahawk will

be required to indemnify them for their legal fees, and will thereby be subject to conflicting mandates.

The Individual Defendants argue that Defendant Seahawk's motion for reconsideration should be denied because it offers no new arguments, issues, caselaw, or evidence. The Individual Defendants take the position that this Court's Order of June 23, 1999, was correct. They state that no evidentiary hearing was required, because, assuming that the facts alleged in the Lawrence affidavit are true, Defendant Seahawk is not entitled to an injunction. Finally, the Individual Defendants argue that concern over potentially conflicting mandates is premature, since the issue of Defendant Seahawk's liability for the Individual Defendant's attorney's fees has not yet been determined. They assert that if the state courts finds that Seahawk is obligated to pay the Individual Defendant's attorney's fees, at that time the appropriate procedure would be to move to amend the final judgment.

The Court must agree with the Individual Defendants in all respects. First, Defendant Seahawk's motion for reconsideration presents no basis on which this Court should reconsider its earlier Order except that Defendant Seahawk disagrees with the result this Court reached. As the Court has stated before, the Court will not allow parties to use a motion for reconsideration to relitigate issues the Court has already decided.

■ Second, the Court's denial of Defendant Seahawk's motions was not in error. With respect to Defendant Seahawk's motions for an evidentiary hearing and to supplement the record, the facts Defendant Seahawk argues are disputed were not material to the determination of Defendant Seahawk's motion for injunctive relief. Whether or not Defendants Morris and Stemm participated in the negotiations that resulted in Seahawk's entering into the Consent, or themselves orally agreed to be bound by the Consent, Defendant Seahawk is not entitled to the requested injunction. "[W]here material facts are not in dispute, or where the facts sought are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1312 (11th Cir.1998).

■ With respect to the motion for injunctive relief, the Court's holding was not in error because the relief Defendant Seahawk sought was not within one of the exceptions to the Anti–Injunction Act, 28 U.S.C. Section 2283. The Anti–Injunction Act prohibits federal courts from enjoining state court proceedings, with three limited exceptions. The two exceptions relevant to this case allow a federal court to stay a state court proceeding: (1) when necessary in aid of its jurisdiction, or (2) to protect or effectuate its judgments. "Any doubt as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 290, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

■ A stay of the first type may be appropriate "when necessary 'to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *Wesch v. Folsom,* 6 F.3d 1465 (11th Cir.1993). As the Court previously found, this exception does not apply in this case, as the litigation of this case has already been concluded. Defendant Seahawk does not appear to seek reconsideration of the portion of the Court's June 23, 1999, Order holding that Defendant Seahawk in not entitled to a stay on this basis.

■ The exception allowing federal courts to enjoin state court proceedings as necessary to protect and effectuate their judgments, "also known as the 'relitigation exception,' is essentially a *res judicata* concept designed to prevent issues that have already been tried in federal court

from being relitigated in state court." *Wesch,* 6 F.3d at 1471. "Because of the sensitive nature of federal interference with state court litigation, district courts require that parties requesting an injunction make a strong and unequivocal show of relitigation." *Id.*

Defendant Seahawk does argue that the Court erred in determining that the exception for injunctions necessary to protect a federal court's prior judgment does not apply in this case. The Consent in this case, incorporated by the Final Judgment, provides that Seahawk shall not indemnify Defendants Morris or Stemm for the costs of defending against the Complaint. Defendant Seahawk was a party to the instant case at the time that the Final Judgment was entered. Unquestionably, the issue of indemnification is therefore *res judicata* as to Defendant Seahawk. Defendant Seahawk argues that the issue of indemnification is also *res judicata* as to Defendants Morris and Stemm.

 It is undisputed that at the time the Final Judgment was entered, Defendants Morris and Stemm had not been served and were not yet parties to the case. The general rule is that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Richards v. Jefferson County,* 517 U.S. 793, 798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) (quoting *Hansberry v. Lee,* 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). "This rule is part of our 'deep-rooted historic tradition that everyone should have his own day in court.'" *Richards,* 517 U.S. at 798, 116 S.Ct. 1761 (quoting *Martin v. Wilks,* 490 U.S. 755, 761–62, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989)). "As a consequence, '[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings.'" *Richards,* 517 U.S. at 798, 116 S.Ct. 1761 (quoting *Martin,* 490 U.S. at 762, 109 S.Ct. 2180).

 Defendant Seahawk argues that, although the Individual Defendants were not yet parties at the time the Final Judgment was entered, they should still be bound by it, because neither were they "strangers to those proceedings." Although Defendant Seahawk does not state its argument in these terms, the essence of its argument is that the issue of indemnification is *res judicata* as to Defendants Morris and Stemm because it is *res judicata* as to Defendant Seahawk, and Defendants Morris and Stemm were in privity with Defendant Seahawk when the Final Judgment was entered. The general rule discussed above does "not always require one to have been a party to a judgment in order to have been bound by it." *Richards,* 517 U.S. at 798, 116 S.Ct. 1761. Instead, an individual who was not a party to litigation may be bound by a judgment in that litigation where there is privity between that individual and a party. *See id.*

The issue is thus whether, assuming the allegations regarding Defendants Morris and Stemm's participation in the negotiation of the Consent are true, that participation placed them sufficiently in privity with Defendant Seahawk that they are bound by the Final Judgment. Ordinarily, "a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, [or] stockholder." Restatement (Second) of Judgments § 59. There is an exception, however, that applies to closely held corporations: "The judgment in an action by or against the corporation is conclusive upon the holder of its ownership if he actively participated in the action on behalf of the corporation, unless his interests and those of the corporation are so different that he should have opportunity to relitigate the issue." *Id.* § 59(3)(a). The comments to this section explain that this exception is based on the premise that the interests of the owners of a closely held corporation coincide with the interests of the corporation itself. *See id.* § 59 cmt. e. Where the interests of the corporation and the interests of an owner of the corporation diverge, however, the exception does not apply. *See id.*

The facts that Defendant Seahawk argue are disputed go to the issue of Defendants Morris and Stemm's partial ownership of the corporation and their participation in the litigation. Regardless of the truth of Defendant Seahawk's assertions, the privity exception for closely held corporations does not apply in this case, because the interests of Defendants Morris and Stemm and the interests of Defendant Seahawk diverged on the issue of indemnification. Agreeing that Seahawk would not indemnify Defendants Morris and Stemm was in the interests of Defendant Seahawk not only because it allowed Defendant Seahawk to settle the SEC's claim as to the corporation, but also because it represented a significant savings to the corporation. Conversely, Defendant Seahawk's agreement not to indemnify them was directly contrary to the interests of Defendants Morris and Stemm.

In sum, the Court cannot enjoin the state court proceedings in order to protect or effectuate the Final Judgment, because Defendants Morris and Stemm are not bound by the Final Judgment. They were not parties to the litigation at the time the Final Judgment was entered. While they may, as Defendant Seahawk asserts, have participated in the litigation, they cannot be bound by the results of that litigation as having been in privity to Defendant Seahawk. Regardless of the level of their participation in the decisions and negotiations involved in the litigation, their interests and the interests of Defendant Seahawk were divergent with respect to the indemnification issue. That issue is therefore not *res judicata* as to Defendants Morris and Stemm.

■ Defendant Seahawk asserts further that, although Defendants Morris and Stemm did not execute the Consent, they orally agreed to be bound by its terms. Again, assuming this allegation to be true, Defendant Seahawk is not entitled to an injunction against the state court action. The question of whether the Individual Defendants were parties to the settlement is a separate issue from the question of whether the Individual Defendants were parties, or in privity to parties, at the time that the Final Judgment was entered. Defendants Morris and Stemm's oral agreement to be bound by the Consent, if proven, might bind them to the terms of that agreement, but would not have made them parties to the case.

■ Because Defendants Morris and Stemm were not parties to the case, their alleged oral agreement to the Consent provides no basis for the Court to enjoin the state court proceedings. The Consent was a settlement agreement. The Anti-Injunction Act provides no exception for the enforcement of settlement agreements. As the exceptions under the Anti-Injunction Act, including the relitigation exception, are to be "narrowly construed," *Delta Air Lines Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 585–86 (11th Cir.1983), the Court cannot read the exception allowing it to protect and effectuate its judgments so broadly as to include the settlement agreement on which the Final Judgment was based.

If Defendant Seahawk's allegations that Defendants Morris and Stemm were parties to the Consent are supported, the entry of those Defendants into a settlement agreement may provide Defendant Seahawk a defense in the state court action, or a basis on which to make a motion to enforce the terms of the Consent against Defendants Morris and Stemm. However, they do not entitle Defendant Seahawk to an injunction against the Individual Defendants proceeding with their state court lawsuit, any more than any settlement agreement entered into by a non-party would provide a basis for such an injunction.

■ Finally, the issue of whether Defendant Seahawk will be subject to conflicting mandates is premature. As far as the Court has been made aware, the state court proceedings have not yet been concluded. If the Individual Defendants pre-

vail in the state court case, Defendant Seahawk should file a motion with this Court to amend the Final Judgment.

The Court has found no basis on which to reconsider its earlier decision that Defendant Seahawk is not entitled to an injunction. Nor was the refusal to allow Defendant Seahawk an evidentiary hearing in error, because the issues that Defendant Seahawk claims are disputed are not material to the outcome of its motion. Accordingly, it is

**ORDERED** that Defendant Seahawk's motion to reconsider and amended motion to reconsider (Docket Nos. 161 and 163) be **DENIED.**

**DONE AND ORDERED.**